## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DUANE E. NORMAN, SR.,** | : | |
| **on behalf of himself and all others** | : | **CIVIL ACTION** |
| **similarly situated,** | : | **No. 18-5225** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TRANS UNION, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER CERTIFYING CLASS

This 14th day of August, 2020, upon consideration of Plaintiff's Motion for Class Certification (ECF 23), Defendant's response (ECF 31), the parties' replies (ECFs 38, 40), and the oral proceedings held by this Court (ECF 44), and for the reasons stated in the accompanying Memorandum, it is **HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**.

This action shall be maintained as a class action in accordance with Federal Rules of Civil Procedure 23(a) and (b)(3) pursuant to the following findings of fact:

1.  Plaintiff has asserted claims for Defendant's violations of 15 U.S.C. § 1681i(a) on behalf of the following Class:

> For the period beginning two years prior to the filing of the Complaint and through the time of judgment, all persons residing in the United States and its Territories to whom Trans Union sent its "502 Letter" in response to a written dispute of an inquiry.

2.  The Class is so numerous that joinder of all members is impracticable.

3.  There are questions of law and/or fact common to the Class.  The principal questions include:

        a.       During the class period, when the consumer received a 502 Letter, did that result from the consumer "disputing" the "completeness or accuracy of any item of information contained in the consumer's file"?

        b.       During the class period, did a consumer's receipt of a 502 Letter establish that Trans Union conducted no reinvestigation of the consumer's dispute?

        c.       During the class period, if a consumer's receipt of a 502 Letter meant that Trans Union conducted no reinvestigation of the consumer's dispute, did Trans Union delete the inquiry disputed by the consumer?

        d.       Whether Defendant violated FCRA section 1681(i) by failing to reinvestigate consumers' disputed inquiries?

        e.       Whether Defendant acted willfully, i.e., in reckless disregard of the law; and

        f.       The quantum of statutory damages for the violation(s).

4.   The claim of representative Plaintiff Duane E. Norman, Sr., is typical of the claim of the Class.  Like every member of the proposed class, he "directly disputed" the "completeness or accuracy of any item of information contained" in his "file" at Trans Union, Trans Union conducted no reinvestigation of the disputed inquiry, and Trans Union sent a 502 Letter in response.  Mr. Norman's claim for uniform statutory damages under 15 U.S.C. § 1681n(a)(1)(A) is the same claim of every class member.

5.   Plaintiff and his counsel will fairly and adequately represent the interests of the Class. Mr. Norman has no interests that appear antagonistic to the Class, and Plaintiff's counsel, Francis & Mailman, P.C., and Flitter Milz, P.C., are experienced and competent.

6.   Common proof will predominate in this FCRA class action seeking only statutory damages, including:

      a.     Defendant's policies and practices allegedly demonstrating no reinvestigation for any class member,

      b.     Defendant's alleged institutional knowledge about whether it should have conducted reinvestigations of "any item" of disputed information, and

      c.     Defendant's alleged motivations for not investigating disputes.

7.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy in that:

      a.     Trans Union concedes that within the Class there is some group of consumers that disputed the accuracy of some item of information on their file and for whom Trans Union did not conduct any reinvestigation.  (*See* Section V.B.3 of the accompanying Memorandum.)

      b.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class;

      c.     In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are not sufficient in amount to support separate actions;

      d.     The amount that may be recovered by individual class members is modest in relation to the expense and effort of proceeding with individual lawsuits, thus making this class proceeding more economical; and

      e.      The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief appropriate with respect to the Class.

\* \* \* \* \*

It is therefore **FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby:

8. Certifies the following Class:

> For the period beginning two years prior to the filing of the Complaint and through the time of judgment, all persons residing in the United States and its Territories to whom Trans Union sent its "502 Letter" in response to a written dispute of an inquiry;

9. Certifies and appoints Plaintiff Duane E. Norman, Sr., as Class representative;

10. Certifies and appoints the firms Francis & Mailman, P.C., and Flitter Milz, P.C., as Class Counsel;

11. Orders Plaintiff to submit a proposed form of class notification to the Court for review and approval within 45 days of this Order; and

12. Orders Defendant to produce a class list to Plaintiff's counsel within 30 days of this Order.

\* \* \* \* \*

This Court will issue a further Scheduling Order after its Order approving and directing notice to the Class.

By the Court:

/s/Gerald Austin McHugh
United States District Judge