IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DUANE E. NORMAN, SR.,
on behalf of himself and all others similarly situated,

    *Plaintiff*,

  v.

TRANS UNION, LLC,

    *Defendant*.

No. 2:18-cv-05225-GAM

## **FINAL APPROVAL ORDER**

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant Trans Union, LLC ("Trans Union" or "Defendant"); the Court having considered all papers filed and arguments made with respect to the settlement, and having certified, by Order on August 14, 2020 (ECF 47-48), a class, and the Court, being fully advised finds that:

1.    On July 21, 2025, the Court held a Final Approval Hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the settlement. The Court received ten (10) objections regarding the settlement.

2.    Notice to the Settlement Class required by Federal Rule of Civil Procedure 23(e) has been provided in accordance with the Court's Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances, including the dissemination of individual notice to all members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

3. Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The terms of the Settlement Agreement are incorporated fully into this Order by reference. The Court finds that the terms of Settlement Agreement are fair, reasonable, and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

5. The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

6. The Court finds that the relief provided under the settlement constitutes fair value given in exchange for the release of claims.

7. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

8. The Court finds that it is in the best interests of the parties and the Settlement Class and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

It is therefore **ORDERED** AND **DECREED** that:

Plaintiff's Motion for Approval of the Class Action Settlement, ECF 178, and Plaintiff's Motion for Attorney Fees and Reimbursement of Litigation Costs and Expenses to Class Counsel and for a Service Award to the Class Representative, ECF 173, are **GRANTED.**

9. This action is a class action against Trans Union, on behalf of a class of consumers that has been defined as follows:

> All consumers with an address in the United States and its territories to whom Trans Union sent its "502 Letter" in response to a written dispute of an inquiry from December 5, 2016 to January 31, 2025.

10. The Settlement Agreement submitted by the parties for the Settlement Class is finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate and in the best interests of the Class. The Settlement Agreement, including the monetary relief set forth therein, shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

11. As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

12. As agreed by the parties in the Settlement Agreement, upon the Effective Date, each Class Member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts any claims released by Settlement Class Members under the Settlement Agreement.

13. Upon consideration of Class Counsel's application for fees and costs and other expenses, the Court awards $7,666,667.00 as reasonable attorneys' fees and $221,150.00 as reimbursement for reasonable out-of-pocket expenses, which shall be paid from the Settlement Fund.

14. The following are approved as *cy pres* recipients: the National Consumer Law Center and the National Center for Law and Economic Justice.

15. Upon consideration of the application for an individual settlement and service award, the Named Plaintiff, Duane E. Norman, Sr., is awarded the sum of fifty thousand dollars

($50,000.00), to be paid from the Settlement Fund, for the service he has performed for and on behalf of the Settlement Class.

16. The Court overrules any objections to the settlement. After carefully considering each objection, the Court concludes that none of the objections create questions as to whether the settlement is fair, reasonable, and adequate.

17. Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the claims released by the Settlement Class. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

18. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent

possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19. This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

20. The Court finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay, and directs the Clerk to enter final judgment.

21. The persons listed on **Exhibit 1** hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Settlement Agreement and Preliminary Approval Order and are thus excluded from the terms of this Order.  Further, because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, none of the individuals reflected on Exhibit 1 may invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Trans Union in connection with the claims settled by the Class.

BY THE COURT:

 /s/ Gerald Austin McHugh
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2025